## SUPREME COURT OF PENNSYLVANIA.


### Sturges' Appeal

1. The lien of a fi. fa. against personal property, pending a rule to show cause
why execution shall not be stayed, does not continue beyond the return day
without previous levy; but if a levy has actually been made, its lien is pre-
served until the rule is disposed of, although no order to that effect is made.

2. A levy may be made by virtue of a writ of fieri facias at any time before
and on its return day, but not afterwards.

3. It is the duty of the court on staying executions to direct a levy to be made
when not previously done, for the purpose of preserving liens.

Appeal from Court of Comn.on Pleas of Luzerne county.

Opinion by TRUNKEY, J.

The power of the court to stay the writ has not been
questioned.   In the execution of such power, the duty of
the court to direct levy to be made, and preserve the lien
during pendency of the rule, is well settled.   Without
special order that the lien of the writ will continue till the
return day may be conceded.   The lien of a levy will con-
tinue pending the rule, though no order be made: Batdorf
v. Focht & Bro., 8 Wr. 195.   In the absence of a levy,
that the lien of a *fi. fa.* continues after the return day, is
unheard of in the jurisprudence of this state.

Among principles not gainsaid are these: A levy may
be made by virtue of a writ of *fieri facias* at any time be-

fore and on its return day, but not afterwards. By levy on personalty, the officer acquires a special property in the goods seized, which he may sell before or after the return day in satisfaction of his writ. Except for the purpose of detention and sale of the property previously levied upon, an execution after its return day is dead. An officer making levy and sale after his writ has expired is a trespasser, and the purchaser acquires no title: Freeman on Ex. § 106.

The research of counsel has discovered no case where the lien of a *fieri facias*, without levy, did not end with the writ. How it could be otherwise is difficult to imagine. The officer can do nothing with a defunct writ but return it. No process has been devised whereby goods, which had once been subject to the lien of an execution expired and returned, may be seized and sold in satisfaction of the lost lien.

The effect of an order of court staying an execution until after the return day was well stated by Bell, J., in Commonwealth v. Magee, 8 Barr, 240: "Its functions were thus suspended until by lapse of time its vitality was extinguished. Beyond the return day its operation and vigor could only have been preserved by an actual levy; * * but a levy being wanting, it had no hold on the goods after the return day. Consequently, the second execution was the only effective one in the hands of the sheriff at the time of the sale of the goods. The proceeds were, therefore, properly applied in satisfaction of it." If this be a dictum, and unnecessary to the decision of that case, it is an accurate expression of the law applicable here.

The plaintiff had a right to execution of his judgment.

For apparent cause, before execution issued, the court could have granted a rule and stayed execution. Pending the rule, the defendants goods might have been seized by another creditor, and the plaintiff's judgment become worthless. In such case, no power, legal or equitable, exists to give him the proceeds of the goods. He issued execution, and, for apparent cause shown to the court,

rule was granted and proceedings on the writ stayed.

The writ was returned unexecuted afterwards. The defendant's goods were sold on another execution. The plaintiff has no better title to the proceeds than if he had been prevented from issuing execution. Such consequences should induce judges to observe the oft-repeated admonition, " on staying execution, to direct levy to be made when not done, and preserve liens." The serious result of the mistake in staying the writ, and suffering it to die without a levy, has led the original party to demand the money on the ground that the court will redress the wrong done by their own act. This is urged the more because the court, when distributing a fund in their possession, will always overlook technicalities, and do equity.

A hardship must be distinguished from a right. If the appellant has no right to the fund, no equity power can give it to him. The lien on the property which expired before the sheriff's sale gave no right to its proceeds. That the court, in the exercise of their judicial functions, struck down the lien, is a hardship; and now to give the money to the sufferer, who thereby lost his right, would be another wrong. A court of equity may not take money of A. to redress their own wrong done to B. With no lien upon the property at time of sale, the appellant has no right to the fund, and without right has no footing in equity.

Decree affirmed, and appeal dismissed at cost of appellant.